UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 06-82-JMH

UNITED STATES OF AMERICA, PLAINTIFF,

V. **MAGISTRATE JUDGE'S REPORT
& RECOMMENDATION**

JOHN W. FRANKLIN, DEFENDANT.

## I. INTRODUCTION

Defendant, John W. Franklin, was convicted by a jury of arson, use of a destructive device in furtherance of a crime, possession of an unregistered firearm or destructive device, and being an unlawful user of a controlled substance in possession of firearms, and was sentenced to a total of 420 months imprisonment. [R. 64]. In this action brought pursuant to 28 U.S.C. § 2255, he seeks to vacate, set aside, or correct his sentence, based on ineffective assistance of counsel. [R. 90]. For the reasons stated below, the Court recommends that the Motion to Vacate, Set Aside, or Correct Sentence [R. 90] be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

On June 1, 2006, a federal grand jury sitting in Lexington, Kentucky, indicted the Defendant for being an addicted person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). [R. 5]. On July 6, 2006, the grand jury returned a superseding indictment which, in addition to the original charge, indicted the Defendant for arson, use of a firearm/destructive device in furtherance of a crime of violence, and possession of a destructive device. [R. 15]. On January 22, 2007, following a three-day trial, a jury found the Defendant guilty of all four counts. [R. 40, 45]. The

Defendant filed a Motion for Judgment of Acquittal Notwithstanding the Verdict [R. 48], based on the allegedly impermissible duplicity of the counts charging arson [18 U.S.C. § 844(i)] and use of a destructive device in furtherance of a crime [18 U.S.C. § 924(c)(1)]. The district court denied the motion. [R. 52].

The Defendant was sentenced to 60 months each on the counts of arson, possession of an unregistered firearm/destructive device, and being an unlawful user of controlled substance in possession of a firearm, with the sentences to run concurrently. [R. 64 at 2]. The Defendant received a 360-month sentence for use of a destructive device in furtherance of a crime of violence, which ran consecutive to the other terms of imprisonment, for a total term of 420 months. [Id.]. The Defendant appealed to the Sixth Circuit, which affirmed his conviction and sentence in an unpublished opinion on October 22, 2008. [R. 84]. The United States Supreme Court denied his petition for writ of certiorari. [R. 87].

On March 18, 2010, Franklin, proceeding *pro se*, filed a Motion to Vacate under 28 U.S.C. § 2255. [R. 90]. The Defendant alleges his trial counsel rendered ineffective assistance of counsel by failing to argue that his conviction for both arson [18 U.S.C. § 844(i)] and use of a destructive device in furtherance of a crime [18 U.S.C. § 924(c)(1)] violates the Fifth Amendment's prohibition against double jeopardy . [R. 90 at 5-6]. The United States responds by citing a Sixth Circuit case which specifically holds an individual may be convicted under both § 844(i) and § 924(c) without violating the Double Jeopardy Clause of the Fifth Amendment. [R. 93].

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Defendant's motion lists two separate claims of ineffective assistance of counsel, however, both of these claims address the same underlying issue: whether the Defendant's

2

conviction under both § 844(i) and § 924(c) violates the Double Jeopardy Clause of the Fifth Amendment, where the same conduct forms the basis for both convictions. It appears that counsel unsuccessfully raised this issue in a Motion for Judgment of Acquittal Notwithstanding the Verdict. [R. 48]. The issue does not appear to have been raised prior to trial or on appeal. Though counsel unsuccessfully raised the issue before the district court, some of the specific arguments and cases raised by the Defendant in his Motion to Vacate [R. 90] were not presented to the district court by counsel. The undersigned will, therefore, address the arguments raised by the Defendant.

In order to prevail upon his ineffective assistance of counsel claims, Franklin bears the burden of showing that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, he must demonstrate that the deficient performance prejudiced the defense. Id.; see also Hill v. Lockhart, 474 U.S. 52, 58 (1985). The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential....A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. With these standards in mind, the Court finds the Defendant's claim is without merit.

"The Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also against multiple punishments for the same offense." Whalen v. United States, 445 U.S. 684, 688 (1980) (internal citation and punctuation omitted). The Double Jeopardy Clause "does *not* prohibit Congress from authorizing multiple punishments for the same conduct *if, in the exercise of its exclusive power to define criminal offenses, Congress intends to*

3

*prescribe such overlapping penalties*." United States v. Harwood, 834 F. Supp. 950, 951 (W.D. Ky. 1993) (emphasis added) *citing* Whalen, 445 U.S. at 689. When analyzing two statutes to determine if conviction and punishment under both statutes is permissible, the Court must determine whether Congress intended to authorize overlapping penalties. United States v. Gibbons, 994 F.2d 299, 301 (6th Cir. 1993).

Franklin relies on the case of United States v. Quigley, 816 F. Supp. 1217 (W.D. Mich. 1993), for the proposition that punishment under both § 844(i) and § 924(c) is impermissible. Id. at 1222. This reliance is misplaced, as Quigley was vacated on appeal. See United States v. Quigley, No. 93-1520, 1994 WL 399569 (6th Cir. Aug. 1, 1994). The Sixth Circuit vacated the lower court's decision in Quigley because another panel of the Sixth Circuit had recently held that "the imposition of consecutive sentences under § 844(i) and § 924(c) does not violate the Double Jeopardy Clause." United States v. Holdridge, No. 92-1889, 1994 WL 399526 (6th Cir. July 25, 1994). Other courts that have addressed the issue have also concluded that conviction and sentencing under both § 844(i) and § 924(c) is not unconstitutional, because Congress intended to authorize cumulative penalties for the offenses. See United States v. Kirkpatrick, No. 97-5583, 1998 WL 869978 at *7 (6th Cir. Dec. 1, 1998); United States v. Smith, 502 F.3d 680, 691 (7th Cir. 2007); United States v. Nguyen, 117 F.3d 796, 797 (5th Cir. 1997) (per curiam); United States v. Hammond, No. 96-4231, 1997 WL 54288 (4th Cir. Feb. 11, 1997); United States v. Salameh, 261 F.3d 271, 278 (2d. Cir. 2001); cf. United States v. Strickland, 261 F.3d 1271 (11th Cir. 2001) (convictions under § 844(d) and § 924(c) not multiplicitous).

Franklin's ineffective assistance of counsel claims must be rejected, as he has failed to meet either element of ineffective assistance of counsel as set forth in Strickland. Counsel's failure to

raise the arguments presented in the Defendant's motion to vacate was objectively reasonable, as the Sixth Circuit has clearly held that imposition of consecutive sentences under § 844(i) and § 924(c) does not violate the Double Jeopardy Clause. See Strickland 466 U.S. at 687. Furthermore, because the arguments would not have been successful, Franklin cannot show that he was prejudiced by counsel's failure to make the arguments before the district court or on appeal.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 90] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(a).

Signed November 15, 2010.



**Signed By:**
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**