UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 5:06-82-JMH-EBA |
| v. ) | (Civil Action No. 5:10-07112- |
| ) | JMH-EBA) |
| JOHN W. FRANKLIN, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 96]. Defendant John W. Franklin brought this action, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence [Record No. 90], arguing that his trial counsel was ineffective for failing to argue that Defendant Franklin's conviction for arson, pursuant to 18 U.S.C. §844(i) and use of a destructive device in furtherance of a crime, pursuant to 18 U.S.C. §924(c)(1), violates the Fifth Amendment's prohibition against double jeopardy. The United States has filed a Response to Defendant's Motion [Record No. 93], and Franklin has filed a Reply [Record No. 95]. This matter is now ripe for the Court's consideration.

Before we begin a discussion of the matter before the court, the undersigned notes that the issue Franklin now complains about was presented earlier in a motion for judgment of acquittal

notwithstanding the verdict [Record No. 48]. The motion was denied [Record No. 52]. The issue was abandoned on appeal and his convictions were affirmed [Record No. 84]. A petition for a writ of certiorari was denied by the United States Supreme Court [Record No. 87]. Hence, Franklin has not established that his trial counsel failed to raise the Double Jeopardy Clause of the Fifth Amendment.

In his Report and Recommendation, the Magistrate Judge recognizes that trial counsel unsuccessfully raised the issue now before the court via post-trial motion. He nonetheless recommends that Franklin's Motion to Vacate, Set Aside, or Correct Sentence [Record No. 96] be denied on the grounds that the Sixth Circuit has held that conviction and sentencing under both §844(i) and §924(c) is not unconstitutional, reversing the case upon which Franklin relies. *See United States v. Quigley*, No. 93-1520, 1994 WL 399569 (6th Cir. Aug. 1, 1994). The Sixth Circuit vacated the lower court's decision in *Quigley* because another panel of the Sixth Circuit had recently held that "the imposition of consecutive sentences under § 844(i) and § 924(c) does not violate the Double Jeopardy Clause." *United States v. Holdridge*, No. 92-1889, 1994 WL 399526 (6th Cir. July 25, 1994). This decision **antedated** the filing of the indictment in this case so counsel can in no way be faulted in not raising the arguments presented by the lower court in *Quigley*.

Franklin cannot demonstrate that his attorney provided

ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as alleged. His motion to vacate shall be denied.

The Magistrate Judge filed his Report and Recommendation on November 15, 2010, advising Defendant Franklin that specific objections to same were due within fourteen days of the date of service of the Report and Recommendation or further appeal would be waived. Fourteen days have now expired, and Defendant Franklin has not filed objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Report and Recommendation as its own.

Finally, the Court also considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Franklin must be able to show that reasonable jurists could find in his

favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Having carefully considered the matter, this Court concludes that no certificate should issue as Franklin cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [Record No. 96] is **ACCEPTED** and **ADOPTED**;

(2) that Defendant Franklin's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 90] is **DENIED**; and

(3) that no certificate of appealability will issue.

This is the 7th day of January, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge