```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | Criminal Action No. |
| | ) | 5:06-82-JMH-EBA |
| v. | ) | (Civil Action No. 5:10-07112- |
| | ) | JMH-EBA) |
| JOHN W. FRANKLIN, | ) | |
| | ) | |
|     Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |

            \*\*    \*\*    \*\*    \*\*    \*\*

The Court received a letter from Defendant John W. Franklin [Record No. 100] on January 18, 2011, which this Court construes as a motion. Defendant moves to rescind this Court's Order and Judgment [Records No. 97, 98], dated January 7, 2011, because Defendant claims that he did not receive a copy of the Magistrate Judge's Report and Recommendation [Record No. 96 ], dated November 15, 2010, and therefore did not have an opportunity to timely file his objections[1]. Alternatively, Defendant requests that the Court construe his letter as a notice of appeal.

Based on information in the CM/ECF filing system, the Clerk mailed the Report and Recommendation to Defendant on or about November 15, 2010. Accordingly, there is a rebuttable presumption that Defendant received the Report and Recommendation. Defendant

---

[1] Defendant Franklin fails to identify any objections to the Magistrate Judge's Report and Recommendation.

has failed to meet the burden necessary to overcome this presumption.

Furthermore, the Court notes that the questions of law raised by Defendant Franklin and addressed in the Magistrate Judge's Report and Recommendation were reviewed de novo[2]. First, it was noted that Defendant Franklin did not establish that his counsel had failed to raise the Double Jeopardy Clause of the Fifth Amendment. Second, this Court held that the Sixth Circuit's holdings in *United States v. Quigley*, No. 93-1520, 1994 WL 399569 (6th Cir Aug. 1, 1994) and *United States v. Holdridge*, No. 92-1889, 1994 WL 399526 (6th Cir. July 25, 1994), which antedated Defendant Franklin's indictment, foreclosed his argument that his counsel was ineffective for failing to argue that his conviction violated the Double Jeopardy Clause of the Fifth Amendment. Thus, Defendant Franklin's failure to file objections to the Magistrate Judge's Report and Recommendations did not impact the ultimate resolution of the issues before this Court. For the foregoing reasons, Defendant's motion to rescind this Court's Order and Judgment [Records No. 97, 98] is denied.

---

[2] Although the Court recognized in its Order that when the petitioner fails to file an objection to the report and recommendation it is not required to review "a magistrate's factual or legal conclusions, under a de novo or any other standard," *Thomas v. Arn*, 474 U.S. 140, 150 (1985), this Court did consider, de novo, the issues raised.

In the alternative, Defendant Franklin further requested that his letter be construed as a notice of appeal. This Court agrees.

Accordingly, **IT IS ORDERED:**

(1) that Defendant Franklin's motion to rescind [Record No. 100] this Court's Order and Judgment is **DENIED**; and

(2) that Defendant Franklin's letter [Record No. 100] is construed as a timely notice of appeal. The Clerk is directed to take all steps consistent therewith.

This is the 18th day of January, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge